WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Louis F. DeSerio; Susan DeSerio,<br><br>Defendants. | No. CV-12-08117-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Summary Judgment. (Doc. 26.) For the following reasons, the Motion is granted.

## BACKGROUND

This case arises from Plaintiff United States' effort to obtain payment for Defendant Louis DeSerio's outstanding federal employment and unemployment tax liabilities for the years 1993–1996, his outstanding federal income tax liabilities and penalties for the years 1992–1994 and 2002–2003, and for Defendants' Louis and Susan DeSerio's outstanding federal income tax liabilities for the years 1997–2000 and 2007. (Doc. 26–1 at 1–2.) Plaintiff seeks a judgment in its favor against the DeSerios for these liabilities and to foreclose its federal tax liens on two properties in Cornville, Arizona, both titled in Louis DeSerio's name. The United States asks that the Court foreclose these federal tax liens against the Cornville properties and apply the proceeds of those sales toward the Defendants' outstanding tax liabilities. (*Id.*)

The United States moves for summary judgment on these claims. (Doc. 26.)

Defendants dispute neither the facts in this case nor the law cited by Plaintiff. (Doc. 32). Defendants instead request that the Court craft an order that recognizes that the DeSerios have made diligent attempts to reach a solution with the Internal Revenue Service regarding this matter.

**DISCUSSION**

**I.     Legal Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**II.    Analysis**

Here, Defendants concede that "the United States is entitled to summary judgment as a matter of fact and of law." (Doc. 32 at 3.) Defendants instead appeal to the Court's sense of fairness and equity to "design an order that is reasonable in light of the DeSerios' diligent efforts to resolve their issues with the IRS." (*Id.*)

The DeSerios assert that they were the victim of their financial advisor who was later convicted for tax evasion. But, as the Government notes, Mr. DeSerio admits he knew that it was a mistake to follow the advisor's guidance as early as 1995. (Doc. 32-1 at 2.)

The DeSerios acknowledge that they have a tax liability to the government that exceeds one million dollars. Further, the parties apparently agree that the property on which the government seeks to foreclose has an actual appraised value of $455,000. The DeSerios nevertheless propose, without citing any authority that would permit it, that the Court oblige the government to take a reverse mortgage on the property, as opposed to what it might realize at a foreclosure sale. The DeSerios believe that, based on the value of the property, they can qualify for a reverse mortgage of around $225,000 (Doc. 32 at 4). Nevertheless, the DeSerios argue that the real estate market is poor and that the forced foreclosure sale "will probably only net about the same as the amount obtained

through the reverse mortgage." (*Id.* at 5.)

The Court, in very narrow circumstances has the discretion to decline to authorize a foreclosure sale. Section 7403(c) of the Internal Revenue code states that "the court . . . in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the property officer of the court . . . ." 26 U.S.C. § 7403(c). This language "affords district courts limited discretion in determining whether to order the sale of property to satisfy delinquent tax liabilities." *United States v. Gibson*, 817 F.2d 1406, 1407 (9th Cir. 1987) (citing *United States v. Rodgers*, 461 U.S. 677, 680 (1983)). However, this limited discretion is not applicable in the present action.

"District courts may exercise this limited discretion in individual cases to take into account both the government's interest in prompt and certain collection of delinquent taxes and the possibility that innocent third parties will be unduly harmed by that effort." *Id.* Here, no such third party interests are alleged. (SOF ¶¶ 62, 63.) The Supreme Court has stated that there are "virtually no circumstances . . . in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself." *United States v. Rodgers*, 461 U.S. 677, 709-10 (1983). Defendants have cited no authority to suggest their circumstance nonetheless warrants the Court's exercise of discretion. The Supreme Court has emphasized that "the limited discretion accorded by § 7403 should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." *Id.* at 711. Therefore,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 26) is **granted** and the Clerk of Court is directed to enter judgment as follows:

1. Judgment is entered in favor of the United States and against Louis DeSerio in the amount of **$175,369.75** plus interest accruing after June 30, 2013, pursuant to 26 U.S.C. § 6601, 6621, and 6622 and 28 U.S.C. § 1961(c) until paid, for the unpaid balance of federal employment tax liabilities for all four quarters for tax years 1993 through 1996, and for the unpaid balance of unemployment tax liabilities for the tax years 1993-1996.

2. Judgment is entered in favor of the United States and against Louis DeSerio, in the amount of **$853,260.54**, plus interest accruing after June 30, 2013, pursuant to 26 U.S.C. § 6601, 6621, and 6622 and 28 U.S.C. § 1961(c) until paid, for the unpaid balance of federal income tax liabilities for 1992-1994 and 2002-2003.

3. Judgment is entered in favor of the United States and against Louis and Susan DeSerio, jointly and severally, in the amount of **$202,425.11** plus interest accruing after June 30, 2013, pursuant to 26 U.S.C. § 6601, 6621, and 6622 and 28 U.S.C. § 961(c) until paid, for the unpaid balance of federal employment tax liabilities for the tax years 1997-2000 and 2007.

4. The United States is entitled to foreclose its tax liens against the properties identified in the Complaint. The Court directs the United States to file a proposed form order setting forth the terms and conditions of sale.

Dated this 12th day of February, 2014.

*A. Murray Snow*
G. Murray Snow
United States District Judge